[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT
The defendants move to set aside the verdict in favor of Tina Marks. The jury awarded her damages on a loss of consortium claim. The defendants contend there was no evidence to show that she was legally married to plaintiff Nick Marks. For the reasons stated below, the defendants' motions are denied.
Nick Marks testified that he and Tina "got married according to our religion . . ." in Baltimore, Maryland on January 21, 1960, and that they have lived together ever since. Tina Marks testified that they got "married in the gypsy culture. The families arranged the marriage. We did have a wedding. I had a bride dress and everything, a bouquet, a wedding cake." They have ever since held themselves out to the world as husband and wife and have been known by their friends as husband and wife. They have lived in various places, including Durham, North Carolina, Danville, Virginia; Gainesville, South Carolina; New York City, Chicago; Windgap, Pennsylvania; Baltimore, Maryland, Bridgeport, Norwalk, and Wilton, Connecticut. They have lived in Connecticut. They lived in Windgap for six years and Baltimore for four years.
There was evidence from which the jury could find that the Marks were married under the common law of either South Carolina or Pennsylvania. See Clark, Domestic Relations in the UnitedStates (2nd ed.) § 2.4 Common Law Marriage, Putative Marriage, and Other Informal Unions (West Publishing Co. 1987). The jury was instructed that it could only award damages for loss CT Page 6740 of consortium if it found the plaintiffs were married under the law of South Carolina or Pennsylvania. The jury was given instructions on what Mrs. Marks needed to prove in order for the jury to find she entered into a valid marriage in either South Carolina or Pennsylvania. Defendant Sam Mitchell took exception "to submitting the factual question of marriage to the jury in Pennsylvania." There was sufficient evidence for the jury to find the Marks were legally married before they took up residence in Connecticut.
Defendant Lee Mitchell did not take an exception to the charge. With respect to defendant Lee Mitchell, the trial was a hearing in damages. A default had been entered against him for failing to comply with pretrial discovery. He also failed to answer or object to a written request for admissions.
The motions to set aside the verdict are denied.
THIM, JUDGE